PER CURIAM.
Defendant appeals his conviction for dealing in stolen property in violation of section 812.019(1), Florida Statutes (1983). We reverse.
One of the requirements of this crime, as defined in section 812.019(1), is that defendant knew or should have known that the property was, in fact, stolen property. The only direct evidence presented at trial on this point was supplied by a witness for the state who testified that he informed the defendant that the property was stolen. However, that witness further testified that he told defendant that he was only “kidding”, and that the property, in fact, was not stolen. Consequently, the witness himself negated the only direct evidence indicating that defendant might have known the property was stolen.
The only remaining evidence supporting the jury’s finding that defendant knew the property was stolen was fragmentary and circumstantial. We have applied the standard for review of jury verdicts based on circumstantial evidence enunciated in Heiney v. State, 447 So.2d 210 (Fla.1984), and find that this verdict is not supported by substantial, competent evidence.
Therefore, the defendant’s conviction for dealing in stolen property is reversed.
HURLEY, DELL and WALDEN, JJ., concur.